**United States Bankruptcy Court**

**Eastern District of Pennsylvania**

In re:  **Kevin J. Wright**  Bankruptcy No.  **15-17104**

Chapter  **11**

Debtor

## DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION

The Debtor in the above captioned Chapter 11 case proposes this Fourth Amended Plan of Reorganization.

### ARTICLE I

### DEFINITIONS

For the purposes of the Fourth Amended Plan, the following definitions shall apply:

1. "Allowed Secured Claim" shall mean the amount to be paid on account of a Secured Claim, which may have been modified through an adversary proceeding and an Order of Court, by agreement or otherwise through the Confirmation Order irrespective of the amount set forth in a Proof of Claim.

2. "Code" shall mean Title 11 of the United States Code, as Amended.

3. "Confirmation of the Fourth Amended Plan" shall mean the entry by the Court of an Order confirming the Fourth Amended Plan in accordance with Chapter 11.

4. "Consummation of the Fourth Amended Plan" shall mean the accomplishment of all things contained or provided for in this Fourth Amended Plan and the entry of an Order finally closing this case.

5. "Court" shall mean the United States Bankruptcy Court for the Eastern District of Pennsylvania, in which this case is pending.

6. "Creditors" shall mean all creditors of the debtors holding claims for debts, liabilities, demands or claims or any character whatsoever.

7. "Creditors' Fund" shall mean funds held by Debtor as disbursing agent for funds received pursuant to this Fourth Amended Plan.

1

8. "Debtor" shall mean the debtor-in-possession, which is the Debtor listed in the caption of the Fourth Amended Plan.

9. "Effective Date" shall mean the date on which the Order Confirming this Fourth Amended Plan of Reorganization becomes final and non-appealable.

10. "General Unsecured Claims" shall mean all non-priority claims held by Creditors of the Debtor arising out of the operation of the Debtor's business, other than Secured Claims and shall include claims of secured creditors to the extent that the same are unsecured in part and claims arising out of the rejection of executory contracts or unexpired leases.

11. "Lender" shall mean the holder of a Secured Claim.

12. "Lien" shall mean a mortgage, pledge, judgment or tax lien, security interest, charging order or other charge or encumbrance on the Debtor's property effective under applicable law as of the date of the Debtor's Petition for Reorganization.

13. "Fourth Amended Plan" shall mean this Fourth Amended Plan of Reorganization in its present form or as it may be Fourth Amended or supplemented.

14. "Order of Relief" shall mean the date the Petition was filed which was October 1, 2015.

15. "Priority Claim" shall mean the claim of any creditor entitled to priority under §507 of the Code.

16. "Secured Claim" shall mean all claims secured by liens on the property of the Debtor, which liens are valid, perfected and enforceable under applicable law, are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case.

## ARTICLE II

## GENERAL PROVISIONS

The following general provisions apply to the Fourth Amended Plan:

1. <u>Claims</u>

Various types of claims are defined in this Fourth Amended Plan. The Fourth Amended Plan is intended to deal with all claims against the Debtor of whatever character, whether or not contingent or liquidated and whether or not allowed by the Code pursuant to § 502(a). However, only those claims allowed pursuant to § 502(a) of the Bankruptcy Code will receive treatment afforded by the Fourth Amended Plan in Article V.

2. <u>Preserved Liens</u>

To the extent required under § 1124(2) of the Bankruptcy Code to preserve the rights of a secured creditor, the lien or encumbrance of that creditor shall, to the extent valid, be preserved and retained until paid in full pursuant to the Confirmed plan.

3. <u>Modification of the Fourth Amended Plan</u>

This Fourth Amended Plan may be modified upon any application by the Debtor or corrected prior to Confirmation without notice and hearing, and without additional disclosure pursuant to § 1125 of the Code provided that the Bankruptcy Court finds that such modification or correction does not materially or adversely affect any creditor or class of creditors. After Confirmation of the Fourth Amended Plan the Debtor may, with the approval of the Court and so long as it does not materially and adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Fourth Amended Plan or in the Order of Confirmation in such manner as may be necessary to carry out the purpose and effect of this Fourth Amended Plan.

## ARTICLE III

## PROVISION FOR TREATMENT OF ADMINISTRATIVE CLAIMS

The administrative expenses of the Debtor's Chapter 11 case allowed pursuant to §503(b) of the Bankruptcy Code, shall be paid in full on the Effective Date of the Fourth Amended Plan, unless otherwise ordered by the Bankruptcy Court, or as may be provided in this Fourth Amended Plan, in cash or other legal tender or other reasonable substitute or the creditor accepts other treatment.

## ARTICLE IV

## DIVISION OF CLAIMS AND INTERESTS

The claims against the interests of the Debtor are divided into the following classes:

Class 1: Administrative Expense Claims. Class 1 creditors are those creditors holding administrative priority claims as defined in Article III of the Fourth Amended Plan.

Class 2: Secured Claim of Beneficial/Conestoga Bank on 1916 Catherine Street-this class is impaired.

Class 3: Secured Claim of TD Bank on 442 N. 60th Street-this class is impaired.

Class 4: Secured Claim of TD Bank on 2113 Fitzwater Street-this class is impaired.

Class 5: Secured Claim of TD Bank on 1912 Catherine Street-this class is impaired.

Class 6: Secured Claim of TD Bank on 1214 Christian Street-this class is impaired.

Class 7:   Secured Claim of City of Philadelphia-this class is impaired.

Class 8:   Secured Claim of Borough of Pottstown/Pottstown Borough Authority-this class is impaired.

Class 9:   Secured Claim of Pottstown School District-this class is impaired.

Class 10:  Secured Claim of Bucks County Tax Claim Bureau-this class is impaired,

Class 11:  Secured Claim of Water Revenue Bureau-this class is impaired.

Class 12:  Secured Claim of Pennsylvania Department of Revenue-this class is impaired.

Class 13:  Secured Claim of Montgomery County-this class is impaired.

Class 14:  Priority Claim of Internal Revenue Service-this class is impaired.

Class 15:  Priority Claim of Pennsylvania Department of Revenue-this class is impaired.

Class 16:  Priority Claim of the City of Philadelphia-this class is impaired.

Class 17:  Unsecured Claims-this class is impaired.

## ARTICLE V

## TREATMENT OF CLASSES

Class 1:   The allowed Administrative Expense Claims are not impaired and shall be paid in full on the Effective Date unless they accept other treatment.

Class 2:   Secured Claim of WSFS/Beneficial/Conestoga Bank on 1916 Catherine Street. The creditor will retain its lien and receive payment in accordance with the pre-Petition Note and Mortgage. It shall be paid its pre-Petition arrears in the amount of $9,472.81 plus interest at the rate of 6.49% and shall be payable on the Effective Date.

Class 3:   Secured Claim of TD Bank on 442 N. 60th Street. Creditor shall retain its lien and the Note and Mortgage shall be recast in a form acceptable to the Creditor at a principal balance of $88,654.00 together with interest at the rate of prime plus two (2%) percent calculated as of the Effective Date percent and amortized over a term of forty (40) years. In addition, the judgment on 423 Lincoln Avenue, Pottstown, PA shall be satisfied.

Class 4:   Secured Claim of TD Bank on 2113 Fitzwater Street. Creditor shall retain its lien and the Note and Mortgage shall be recast in a form acceptable to the Creditor at a principal balance of $305,466.09 together with interest at the rate of prime plus two (2%) percent calculated as of the Effective Date and amortized over a term of forty (40) years.

Class 5:   Secured Claim of TD Bank on 1912 Catherine Street. Creditor shall retain its lien and the Note and Mortgage shall be recast in a form acceptable to the Creditor at a

4

principal balance of $243,741.55 together with interest at the rate of prime plus two (2%) percent calculated as of the Effective Date and amortized over a term of forty (40) years.

Class 6: Secured Claim of TD Bank on 1214 Christian Street. Creditor shall retain its lien and the Note and Mortgage shall be recast in a form acceptable to the Creditor at a principal balance of $335,324.50 together with interest at the rate of prime plus two (2%) percent calculated as of the Effective Date and amortized over a term of forty (40) years.

Class 7: Secured Claim of City of Philadelphia in the amount of $51,182.99 together with interest at nine (9%) percent shall be payable in full on the Effective Date, unless the creditor accepts other treatment.

Class 8: Secured Claims of Borough of Pottstown/Pottstown Borough Authority Proofs of Claim Nos. 10,11,16 and 17) in the amounts of $1,047.73, $13,905.67, $424.96 and $424.96, respectively together with interest at ten (10%) percent shall be payable in full on the Effective Date, unless the creditor accepts other treatment.

Class 9: Secured Claims of Pottstown School District (Proofs of Claim Nos. 9 and 15) in the amounts of $9,766.15 and $1,545.79, respectively together with interest at ten (10%) percent shall be payable on the Effective Date, unless the creditor accepts other treatment.

Class 10: Secured Claim of Bucks County Tax Claim Bureau in the amount of $4,265.04 shall be payable when 14 Green Lane is returned to Debtor's possession.

Class 11: Secured Claim of Water Revenue Bureau in the amount of $20,446.73 shall be payable in full on the Effective Date, unless the creditor accepts other treatment.

Class 12: Secured Claim of Pennsylvania Department of Revenue in the amount of $1,705.00 has been paid in full through real estate closings and shall receive no payment hereunder.

Class 13: Secured Claim of Montgomery County in the amount of $1,712.57 together with interest at nine (9%) percent shall be payable in full upon the Effective Date, unless the creditor accepts other treatment.

Class 14: Priority Claim of Internal Revenue Service in the amount of $56,464.01 together with interest at four (4%) percent shall be payable in twelve (12) monthly installments commencing on the Effective Date.

Class 15: Priority Claim of Pennsylvania Department of Revenue in the amount of $1,027.13 together with interest at three (3%) percent has been paid in full through real estate closings and shall receive no payment hereunder.

Class 16: Priority Claim of City of Philadelphia in the amount of $2,759.97 together with interest at nine (9%) percent shall be payable in twelve (12) monthly payments commencing on the Effective Date.

Class 17: The Unsecured Claims shall be paid in full in eight (8) annual installments commencing one year after the Effective Date.

## ARTICLE VI

## MEANS FOR EXECUTION OF THE FOURTH AMENDED PLAN

The Fourth Amended Plan shall be funded through the rentals generated from the ongoing operations of the Debtor's business, his retirement account, cash on hand and sales of properties. Notwithstanding the above, all secured creditors holding a lien on a particular property shall be paid their secured liens at the closing on the sale of the property. Payments received from the sale proceeds shall be credited against the claims above.

## ARTICLE VII

## ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts shall be assumed.

## ARTICLE VIII

## WAIVER OF TRANSFER TAX

All real estate which is sold to consummate the Fourth Amended Plan shall be deemed under the Confirmation Order such that the transfer tax is not assessable pursuant to 11 U.S.C. Section 1146(a).

## ARTICLE IX

## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this case after Confirmation until all payments and distributions called for under the Fourth Amended Plan have been made and until the consummation of Third Amended Fourth Amended Plan with respect to the following matters:

  a. to enable any party in interest to consummate any and all proceedings that it may bring prior to confirmation;

  b. to hear and determine all claims, including claims arising from the rejection of any executory contract or unexpired lease and any objections which may be made thereto;

  c. to liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claim;

  d. to adjudicate all claims to any lien on any property of the Debtor or any proceeds thereof;

  e. to adjudicate all claims or controversies arising during the pendency of the Chapter 11 case;

  f. to allow or disallow any claim; and

  g. to make such orders as are necessary or appropriate to carry out the provisions of the Fourth Amended Plan.

**IF ANY CLAIM OR ANY PORTION THEREOF IS CHALLENGED OR HAS BEEN CHALLENGED BY OBJECTION OR OTHERWISE, THE DEBTOR SHALL SEGREGATE AND SET ASIDE A PORTION OF THE CREDITORS' FUND SUFFICIENT TO SATISFY THE DISTRIBUTION WHICH WOULD BE PAYABLE UNDER THE FOURTH AMENDED PLAN ON SUCH CLAIM AS FILED, OR AS SCHEDULED BY THE DEBTOR. THE PORTION OF THE CREDITORS' FUND NOT SO SEGREGATED SHALL BE DISTRIBUTED IN ACCORDANCE WITH THE PROVISIONS OF THIS FOURTH AMENDED PLAN. IN THE EVENT AN OBJECTION IS OVERRULED OR A DISPUTE IS RESOLVED FAVORABLY TO THE PARTY ASSERTING SUCH CLAIM, THEN THE SEGREGATED FUNDS SHALL BE PAID TO THE PARTY ASSERTING THE DISPUTED CLAIM IN ACCORDANCE WITH THIS FOURTH AMENDED PLAN. IF THE OBJECTION IS SUSTAINED, THE SEGREGATED FUNDS SHALL BE ADDED BACK INTO THE CREDITORS' FUND.**

Date: August 29, 2019        By: /s/ Kevin Wright
                  Kevin Wright