UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| KEVIN J. WRIGHT, | : | Bankruptcy No. 15-17104-AMC |
| | : | |
| Debtor | : | |

## ORDER

AND NOW, this 10th day of August 2023, upon consideration of ADR Investments, LLC's ("ADR") "Motion for Declaration that Real Estate Tax Sale of Property Was Not Subject to the Automatic Stay, Or, in the Alternative, for Retroactive Relief from the Automatic Stay" ("ADR Motion") [docket entry 359] and Kevin J. Wright's ("Debtor") "Motion to Set Aside Sheriff's Sale" ("Debtor Motion") [docket entry 410], and it appearing that (1) as of September 30, 2020, a hearing on the ADR Motion was to be continued to a date to be determined; (2) that a hearing on the ADR Motion was never rescheduled; and that (3) mediation of the Debtor Motion did not result in a settlement of the matter, it is hereby ORDERED that:

1. A hearing on the ADR Motion and Debtor Motion is continued to October 25, 2023 at 12:30 pm.

2. The related adversary proceeding captioned *Wright v. Bucks County Sheriff Dept. et al.*, adv. no. 22-00027 will be held in abeyance pending resolution of the ADR Motion and Debtor Motion.

3. On or before September 11, 2023, Debtor shall file a letter brief (a) identifying and discussing the legal authority for Debtor's position that he maintained an interest in the real property located at 14 Green Lane, Bristol, PA ("Property") as of the petition date, particularly following the Redevelopment Authority of Bucks County's ("Redevelopment

Authority") June 2013 filing of a Declaration of Taking for the Property and recording of a Notice of Condemnation in the Bucks County Recorder of Deeds and (b) addressing the applicability of the exception to the automatic stay set forth in 11 U.S.C. § 362(b)(24), assuming that Debtor did not retain any interest in the Property following its taking by the Redevelopment Authority until the Redevelopment Authority transferred legal title to the Property back to Debtor post-petition.

4. On or before October 11, 2023, ADR shall file a letter brief in response to the Debtor's brief and which specifically addresses why the post-petition tax sale of the Property would constitute a transfer which could not be avoided under 11 U.S.C. § 549(c) such that the exception to the automatic stay set forth in 11 U.S.C. § 362(b)(24) would apply to the tax sale of the Property.

_____
Ashely M. Chan
United States Bankruptcy Judge