**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| Kevin J. Wright, | § § | Case No. 15-17104-AMC |
| Debtor. | § § § | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE OR CONVERT TO CHAPTER 7 FOR FAILURE TO FILE OPERATING REPORTS**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 1112(b) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned case or converting the case to chapter 7. In support of this Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. The U.S. Trustee is charged with ensuring that required reports are timely and properly filed. 28 U.S.C. § 586(a)(3)(D); *In re Mullock*, 404 B.R. 800, 809

1

(Bankr. E.D. Pa. 2009) (the form and content of operating reports are controlled by the U.S. Trustee).

3. Under Bankruptcy Code section 307, the U.S. Trustee has standing to be heard on the Motion.

4. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND AND FACTS

5. On October 1, 2015 (the "Petition Date"), Kevin J. Wright (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On September 25, 2019, the Court entered the *Order Confirming Chapter 11 Plan* (Docket No. 350) (the "Confirmation Order")

7. On June 21, 2021, the United States Trustee Program's rule entitled *Uniform Periodic Reports in Cases Filed Under Chapter 11 of Title 11,* published at 28 C.F.R. § 58.8 (the "Final Rule") became effective. The Final Rule, mandated by 28 U.S.C. § 589b, requires, among other things, that chapter 11 debtors, other than in small business and subchapter V cases, file post-confirmation reports using streamlined, data-embedded, uniform forms in every judicial district where the U.S. Trustee Program operates.

2

8. UST Form 11-PCR, Post-confirmation Report ("PCR"), is the periodic financial report that *must* be filed on a calendar quarterly basis once the effective date of a confirmed plan occurs by any post-confirmation entities, which would include the reorganized debtor and any other "authorized parties" charged with administering the confirmed plan, until the earlier of the date the case is closed, dismissed, or converted to another chapter.

9. Pursuant to the Final Rule, the PCR must be used for all reports filed after November 30, 2021.

10. The Debtor has not filed the required PCR for Q1 of 2024, Q2 of 2024, Q3 of 2024, Q4 of 2024, Q1 of 2025, each of which is past due. Q2 of 2025 has not yet been filed and will become due prior to the hearing on this Motion (collectively with the currently past-due PCRs, the "Missing PCRs").

11. The quarterly reports that have been filed since November 30, 2021, have not been filed using the requisite PCR (the "Deficient PCRs"). The Deficient PCRs must be replaced with reports using the required PCR form.

## RELIEF REQUESTED

12. Through this Motion, the U.S. Trustee seeks entry of an order dismissing the Debtor's case or converting the case to chapter 7.

## DISCUSSION

13. There can be no dispute that the Bankruptcy Code requires debtors to prepare and file the PCRs. Bankruptcy Code section 1107(a) requires a debtor in possession to file the financial reports required by section 704(a)(8). Rule 2015(a) of the Federal Rules of Bankruptcy Procedure also imposes these reporting

3

requirements upon the debtor. Nevertheless, the Debtor has not filed all the required PCRs and the ones that have been filed do not use the required form.

14.     Absent unusual circumstances, the Bankruptcy Court *shall* convert or dismiss a case for cause, taking into consideration the "best interests of the creditors and the estate." 11 U.S.C. § 1112(b)(1); *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012). Bankruptcy Code section 1112 does not explicitly define "cause." Subsection (b)(4) sets out a non-exclusive list of grounds that constitute cause for purposes of either converting or dismissing a chapter 11 case, "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

15.     Once the Bankruptcy Court finds cause, the burden shifts to the opposing party to demonstrate "unusual circumstances" establishing that dismissal or conversion would not be in the best interests of the estate and the creditors. 11 U.S.C. § 1112(b)(2); *In re Grasso*, 497 B.R. 448, 455 (Bankr. E.D. Pa. 2013).

16.     The Bankruptcy Court has considerable discretion in determining whether to dismiss a case or rather to convert a case to Chapter 7. *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999).

17.     The question of what property would become part of the Chapter 7 estate should be considered by this Court in determining what remedy is in the best interest of the creditors. As part of that analysis, **at least one Court in this Circuit has held that when a confirmed Chapter 11 case is converted to a proceeding under Chapter 7, the Chapter 7 estate consists of all the**

4

**Debtor's interest in property (including property acquired post-confirmation) on the date the case was converted**. *See In re: Midway, Inc.*, 166 B.R. 585, 590 (Bankr. D. N.J. 1994)

A. <u>**Cause Exists Pursuant to Bankruptcy Code section 1112(b)(4)(B)**</u>

18. Cause, as defined in Bankruptcy Code section 1112(b), includes the "gross mismanagement of the estate." 11 U.S.C. § 1112(b)(4)(B). A debtor's failure to timely file meaningful reporting is an indication of gross mismanagement of the estate. *In re: Domiano*, 442 B.R. 97 (Bankr. M.D. Pa. 2010). Here, the Debtor has not even filed the Missing PCRs, let alone provided sufficient information in them. For the Deficient PCRs, the failure to use the required form results in a lack of meaningful reporting. Accordingly, the Debtor's failure to file timely the PCRs and to use the requisite form for the filed PCRs constitutes cause to either dismiss or convert this case under Bankruptcy Code section 1112(b)(4)(B).

B. <u>**Cause Exists Pursuant to Bankruptcy Code section 1112(b)(4)(F)**</u>

19. Cause, as defined in Bankruptcy Code section 1112(b), includes the "unexcused failure to satisfy timely any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F).

20. Timely filing of operating reports is "one of the most fundamental and crucial duties of a debtor-in-possession." *Grasso*, 490 B.R. at 520 n.15. "Refusal or inability to provide financial disclosure sounds the death knell of a chapter 11 case. The failure to file monthly operating statements required by the Trustee's operating guidelines, whether based on inability to do so or otherwise, undermines the

5

Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings." *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (internal citations omitted).

21. Untimely filing of operating reports constitutes "cause" for dismissal or conversion under Bankruptcy Code section 1112(b)(4)(F). *See Alston v. DeAngelis (In re Alston)*, No. 13-1855, 2013 U.S. Dist. LEXIS 168661, at *28 (E.D. Pa. Nov. 27, 2013); *In re Berkman*, No. 09-17860 ELF, 2010 Bankr. LEXIS 665, at *8 n.7 (Bankr. E.D. Pa. Mar. 10, 2010); *In re Wilkins Inv. Group, Inc.*, 171 B.R. 194, 196 (Bankr. M.D. Pa. 1994) ("The failure to file operating reports constitutes cause for dismissal.").

22. Even if the Debtor were to file all PCRs after the time of filing of this Motion, the Debtor's delay in filing would itself constitute cause to convert or dismiss this case under section 1112(b). *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late"). Accordingly, the Debtor's failure to file timely the PCRs constitutes cause to either dismiss or convert this case under Bankruptcy Code section 1112(b)(4)(F).

C. **Cause Exists Pursuant to Bankruptcy Code Section 1112(b)(4)(H)**

23. Cause, as defined in section 1112(b), includes the "failure timely to provide information or attend meetings reasonably requested by the United States trustee." 11 U.S.C. § 1112(b)(4)(H). The U.S. Trustee is charged with supervising the administration of chapter 11 cases, including the debtor's performance of its

6

statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To fulfill that obligation assigned to it by Congress, the U.S. Trustee has adopted reporting requirements embodied in its UST Guidelines that a debtor is required to fulfill. The UST Guidelines set forth the requirement to timely file PCRs and note that a failure to file is cause for dismissal or conversion to chapter 7.

24.    The Debtor has failed to file the PCRs as requested by the U.S. Trustee and therefore "cause" exists to convert or dismiss under Bankruptcy Code section 1112(b)(4)(H). *In re Kholyavka*, No. 08-10653 DWS, 2008 Bankr. LEXIS 2631, at *10-12 (Bankr. E.D. Pa. Aug. 20, 2008) (describing the statutory bases of the reporting requirements, the need to comply with the Guidelines, and the U.S. Trustee's duty to seek relief for reporting failures); *In re Hoyle*, No. 10-01484 TLM, 2013 Bankr. LEXIS 420, at *9 (Bankr. D. Idaho Jan. 17, 2013) (same).

## **CONCLUSION**

25.    The failure to comply with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the UST Guidelines requiring timely filing of the PCRs and use of the requisite form, all as set forth above, constitutes grounds for the dismissal or conversion of this case to chapter 7 pursuant to Bankruptcy Code section 1112(b).

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: July 10, 2025  Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: 202.934.4154
John.Schanne@usdoj.gov